```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
SHABNAMBONUI FIRUZ,                                             :
                                                                :
                              Plaintiff,                        :
                                                                :   MEMORANDUM DECISION AND
                      – against –                               :   ORDER
                                                                :
                                                                :   24-CV-5646 (AMD) (LKE)
ADT INC.,                                                       :
                                                                :
                              Defendant.                        :
                                                                :
--------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

The plaintiff asserts claims against her former employer under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* ("FMLA"), and New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* Before the Court is the defendant's motion to dismiss the FMLA claim, and the plaintiff's motion to amend. For the reasons that follow, the defendant's motion is granted and the FMLA claim is dismissed with leave to amend.

## BACKGROUND

### I. The Plaintiff's Employment at ADT[1]

The plaintiff began working for the defendant as a residential sales representative on September 20, 2021. (ECF No. 1 at 9.)[2] She was hired to sell the defendant's security system to

---

[1] The Court considers the documents that the plaintiff attached her to complaint. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The page numbers in citations to the complaint refer to the ECF-generated page ID number.

[2] The complaint says that the plaintiff started work on September 20, 2022, but the record establishes that she started her job on September 20, 2021. (*Compare, e.g.*, ECF No. 1 at 9 (alleging that the plaintiff began working for the defendant on September 20, 2022) *with id.* at 10–11 (alleging conduct that post-dates her hiring that occurred in January through March 2022) *and id.* at 25, 27 (EEOC complaint dated September 1, 2022, which states that the plaintiff began working for the defendant in September 2021).)

homeowners. (*Id.*) The plaintiff alleges that during her interview for the job the defendant's employees promised that she would receive a certain number of sales leads and in-person sales appointments each month, which was important to her because she was paid on commission. (*Id.* at 10.) The plaintiff contends that she never received the support that the defendant promised her, and that she struggled to meet her sales goals as a result. (*Id.*)

The plaintiff learned she was pregnant in December 2021. (*Id.* at 28.) She did not immediately tell her manager that she was pregnant, but "reported health issues related to her pregnancy and requested disability support and accommodations." (*Id.* at 10.) For instance, on January 25, 2022, the plaintiff told her manager that she felt sick and asked to be excused from joining "night calls." (*Id.*) The plaintiff's manager denied this and other requests. (*Id.*)

The plaintiff "disclosed" her pregnancy on March 15, 2022, at a mandatory in-person meeting, because she was visibly pregnant. (*Id.*) Either that day or the next day, her manager placed her on a performance improvement plan. (*Id.* at 10, 28.)

One week later, the plaintiff's manager fired her, over the phone, for mishandling client communications earlier in the day. (*Id.* at 11, 29.) The plaintiff claims that this justification was "fabricated" and that she was fired because she was pregnant. (*Id.* at 11.)

In the weeks that followed, the plaintiff emailed at least three employees in the human resources department, complaining about her treatment and alleging that the company discriminated against her because she was pregnant. (*Id.* at 11–12, 30.) An HR representative replied that the details of her case had been reviewed and that she had been fired because she "failed to meet the requirements" of her performance improvement plan; the representative said

---

There are some similar inconsistencies with the dates throughout the pleading. (*See, e.g.*, *id.* at 28 (stating that the plaintiff learned she was pregnant in December 2022, in a document that is dated September 1, 2022).) Nevertheless, the Court has deduced the dates with reasonable confidence from the parties' filings.

2

that the plaintiff had "reschedule[d] company appointments" in violation of the plan. (*Id.* at 30.) The plaintiff alleges that she did not reschedule any appointments and that her manager told her she was fired for a different reason. (*Id.* at 11.)

## II. Procedural Background

Through counsel, the plaintiff filed an EEOC charge on September 1, 2022, claiming discrimination. (ECF No. 1 at 25.) On May 10, 2024, the EEOC dismissed the charge at the plaintiff's request and issued a Right to Sue letter. (*Id.* at 18.) The plaintiff's counsel terminated the representation on May 20, 2024. (*Id.* at 23.) The plaintiff filed this action *pro se* on August 29, 2024. She asserts that the defendant discriminated against her on the basis of her pregnancy in violation of 42 U.S.C. §2000e(k) (Count I); failed to provide her with a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. §12112 (Count II); retaliated against her in violation of these statutes (Count III); interfered with her rights under the FMLA, 29 U.S.C. §2601 *et seq.* (Count IV); and violated the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (Count V).

The defendant moves to dismiss only the plaintiff's FMLA claim. The plaintiff opposes the motion. While the motion was pending, the plaintiff moved to amend the complaint to add another FMLA interference claim, related to the birth of another child in November 2024 — roughly two years after her termination. (ECF No. 15.) The defendant opposes that motion.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible 'when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although detailed factual allegations are not required, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Because the plaintiff is proceeding *pro se*, the Court construes her complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up).

## DISCUSSION

The FMLA entitles eligible employees to take up to 12 workweeks per year of unpaid leave because of — as relevant here — the birth of a child or "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(A), (D). A plaintiff may assert two types of claims under § 2615 for an alleged violation of the FMLA: (i) interference with FMLA rights, and (ii) retaliation for exercising FMLA rights. *See, e.g.*, *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) ("FMLA claims come in at least two varieties: interference and retaliation."); *Dennis v. Ultimus Fund Sols., LLC*, No. 20-CV-2813, 2021 WL 3566593, at *2 (E.D.N.Y. Aug. 12, 2021) ("Plaintiffs may bring 'two distinct types of FMLA claims: interference claims and retaliation claims." (quoting *De Figueroa v. New York*, 403 F. Supp. 3d

4

133, 153 (E.D.N.Y. 2019))). The plaintiff does not specify which claim she intends to pursue. But construing the *pro se* complaint liberally to raise the strongest argument it suggests, the Court considers whether the plaintiff states a claim on either theory of liability.

"To survive a Rule 12(b)(6) motion to dismiss in an employment discrimination case, a plaintiff need only plausibly allege facts that give rise to an inference of unlawful conduct." *Patel v. NYU Langone Hosps.*, No. 20-112, 2021 WL 4852426, at *2 (2d Cir. Oct. 19, 2021) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). Accordingly, to state a claim for interference with FMLA rights, a plaintiff must allege that (1) she is an eligible employee under the FMLA, (2) the defendant is an employer under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave notice to the defendant of her intention to take leave, and (5) the defendant engaged in some act prohibited by the statute. *See Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 307 (2d Cir. 2017); *De Figueroa*, 403 F. Supp. 3d at 155. In addition, a plaintiff may plausibly allege an inference of retaliation by pleading "(1) [s]he exercised rights protected under the FMLA; (2) [s]he was qualified for his position; (3) [s]he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016) (quoting *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 147 (2d Cir. 2012)).

Whether the plaintiff was eligible for FMLA benefits is "a threshold issue" under either theory. *Luna v. NYC Taxi & Limousine Comm'n*, No. 21-CV-1408, 2022 WL 20319227, at *21 (E.D.N.Y. Sept. 7, 2022). If she was not an eligible employee under the FMLA at the relevant time, she has no claim under that statute, even if the defendant violated it. *See, e.g.*, *Arroyo-Horne v. City of New York*, 831 F. App'x 536, 539 (2d Cir. 2020) (summary order) ("A threshold

issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections."); *Williams v. Soc. Sec. Admin.*, No. 23-CV-2348, 2024 WL 325335, at *3 (S.D.N.Y. Jan. 29, 2024) (dismissing FMLA interference claim because the plaintiff was not eligible to take FMLA leave).

An eligible employee under the FMLA is "an employee who has been employed — (i) for at least 12 months by the employer with respect to whom leave is requested under [the FMLA]; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A); *see also* 29 C.F.R. § 825.110(a). The plaintiff had been working for the defendant for only about six months — from September 2021 through March 2022 — when the defendant fired her. She does not allege that she worked for at least 1,250 hours in any 12-month period. Accordingly, the plaintiff was not eligible for FMLA benefits when she was terminated.

The plaintiff contends that "preemptive termination to avoid FMLA eligibility may itself constitute interference." (ECF No. 12-1 at 1.) As the defendant points out, most of the cases that the plaintiff cites — none of which bind the Court — do not support the plaintiff's theory. (*See, e.g.*, ECF No. 13 at 1.) For example, the plaintiff cites *Potter v. District of Columbia*, 558 F.3d 542 (D.C. Cir. 2009), but that case involved the Religious Freedom Restoration Act, not the FMLA. Nor does *Reed v. Buckeye Fire Equip.*, 241 F. App'x. 917 (4th Cir. 2007) support the plaintiff's position, because Reed worked for Buckeye Fire Equipment for nearly seven years, and the parties agreed that he "qualifie[d] as an 'eligible employee'" under the FMLA. *Id.* at 923 n.2.[3]

---

[3] The plaintiff also cites *Smith v. Hope School*, 560 F.3d 694 (7th Cir. 2009) (ECF No. 17 at 4), which does not include any relevant discussions of the issues in this case. Additionally, the plaintiff refers to a case which she cites in some places as *Santander v. New York State Police*, No. 20-CV-760 (N.D.N.Y. 2021) and in other places as *Santander v. The New York City Department of Corrections*. (ECF No. 17.)

6

There are cases, however, that suggest that an ineligible employee may bring an FMLA claim.  In *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012), which the plaintiff cites, the Eleventh Circuit held that the "FMLA protects a pre-eligibility request for post-eligibility maternity leave." *Id.* at 1272.  The facts of that case are similar to the plaintiff's allegations — at least in broad strokes.  Pereda requested maternity leave when she was ineligible under the FMLA because she had not yet worked for her employer for 12 months. *Id.*  However, her leave would have begun when she was eligible — that is, once she had worked for her employer for over a year. *Id.*

The Eleventh Circuit explained that dismissing the plaintiff's claim would create a loophole "whereby an employer has total freedom to terminate an employee before she can ever become eligible," which "is contrary to the basic concept of the FMLA." *Id.* at 1273.  The court was persuaded that the text of the FMLA and the statutory scheme delineated in the regulations required this result.  For example, the FMLA mandates that an "employee" — not only an "eligible employee" — give her employer at least 30 days of notice if "the necessity for leave . . . is foreseeable based on an expected birth." 29 U.S.C. § 2612(e)(1).  The *Pereda* court concluded that "[i]t would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to retaliation, or interference,

---

The Court has not been able to find this case.  Next, the plaintiff says that under the "continuing violation doctrine" she was entitled to FMLA benefits not only for her pregnancy when she worked for the defendant, but also for another pregnancy two years after the defendant fired her. (ECF No 15 at 2.)  The "continuing violation doctrine" does not apply to the plaintiff's claims.  As an initial matter, the continuing violation doctrine "is traditionally an exception to Title VII statute of limitations requirements." *Dansby v. City of New York*, No. 16-CV-327, 2016 WL 9307473, at *6 (S.D.N.Y. Aug. 3, 2016).  In that context, a plaintiff may argue that claims related to past acts of discrimination that would be barred by the applicable statute of limitations are timely if they are in furtherance of an ongoing discriminatory policy. *Id.*  The plaintiff, by contrast, argues that she can sue for harm that occurs after her employment was terminated. (ECF No. 17 at 4.)  The continuing violation doctrine does not apply in that way.  In any event, the continuing violation doctrine does not apply to FMLA claims. *De Figueroa*, 403 F. Supp. 3d at 155 n.16.

for which they have no remedy." *Pereda*, 666 F.3d at 1274 (quoting *Reynolds v. Inter–Indus. Conf. On Auto Collision Repair*, 594 F.Supp.2d 925, 928 (N.D. Ill. 2009)).  And it observed that this conclusion was consistent with the Department of Labor's regulations, including the regulation that requires a FMLA eligibility determination be made "as of the date the FMLA leave is to start."  *Id.* (quoting 29 C.F.R. § 825.110(d)).

The Second Circuit has not opined on this issue, but the weight of the case law comports with the Eleventh Circuit's holding and reasoning.  *See, e.g.*, *Robbins v. Candy Digital Inc.*, No. 23-CV-10619, 2024 WL 5056429, at *8–10 (S.D.N.Y. Dec. 9, 2024) ("Section 2615 does not limit the persons entitled to protection against interference and retaliation to eligible employees . . . . The more consistent interpretation is that an 'eligible employee' is an employee who is eligible for requested or taken leave, not an employee who is eligible at the time of an adverse action."); *Reynolds*, 594 F. Supp. 2d at 928; *Duckworth v. Pratt & Whitney*, 152 F.3d 1, 8 (1st Cir. 1998) (the statutory "language, read naturally, means that an employee must be 'eligible' at some time . . . "); *Wehrley v. Am. Family Mut. Ins. Co.*, 513 F. App'x. 733, 742–43 (10th Cir. 2013) ("[G]iving an employer notice of intent to take FMLA leave, at least where the employee qualifies for that leave, is protected activity for purposes of an FMLA retaliation claim."); *Potts v. Franklin Elec. Co.*, No 05-CV-433, 2006 WL 2474964, at *3 (E.D. Okla. Aug. 24, 2006) ("[W]here the employee, before he or she becomes eligible for FMLA leave, is putting the employer on notice of his or her intent to take FMLA leave after they become eligible for FMLA coverage, logic requires that the FMLA be read to require that the employee be permitted to make a charge against the employer for an adverse-employment action."); *Beffert v. Pa. Dep't of Pub. Welfare*, No. 05-CV-43, 2005 WL 906362, at *3 (E.D. Pa. Apr. 18, 2005) ("Since the FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute

necessarily must protect from retaliation those currently non-eligible employees who give such notice of leave to commence once they become eligible employees."). Accordingly, the Court is persuaded that the plaintiff's FMLA claim could survive a motion to dismiss if she requested FMLA benefits to begin at a time she was eligible, even if she made the request before she was eligible.

However, even construed liberally, the plaintiff's allegations are still insufficient to state a claim because she does not allege that she requested leave under the FMLA that would begin when she was an eligible employee. In fact, it is not clear from the complaint that the plaintiff made a request for FMLA leave at all. Instead, to the extent the plaintiff pleads that she made any requests for FMLA accommodations related to her pregnancy, she made the requests in January and February 2022, and her leave would have begun before she was an eligible employee. (ECF No. 1 at 10.) "[T]here can be no doubt that the request — made by an ineligible employee for leave that would begin when she would still have been ineligible — is not protected by the FMLA." *Centeno v. 75 Lenox Realty LLC*, No. 14-CV-1916, 2017 WL 9482090, at *18 (E.D.N.Y. Feb. 1, 2017) (quoting *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004)), *report and recommendation adopted,* 2017 WL 1214451 (E.D.N.Y. Mar. 31, 2017); *see also Basden v. Pro. Transp., Inc.*, 714 F.3d 1034, 1039 (7th Cir. 2013). Indeed, the plaintiff disclosed her pregnancy after she asked to be removed from night calls and excused from certain work activities. (ECF No. 1 at 10.)

The Court cannot determine from the allegations in the complaint whether the plaintiff made a request for leave under the FMLA and whether she would have been an eligible employee at the time her leave would have begun. Because the plaintiff does not make this allegation, she does not state a claim that the defendant interfered with her rights under the

9

FMLA or retaliated against her for exercising those rights. Accordingly, the plaintiff's FMLA claim is dismissed.

Cognizant of the plaintiff's *pro se* status, the Court will give the plaintiff an opportunity to file an amended complaint. *See, e.g.*, *Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009). The Court cautions the plaintiff, however, that claims she seeks to add to her complaint, including a claim that the defendant interfered with her FMLA benefits related to the birth of her child nearly two years after she was terminated (*see* ECF No. 15), are unsupported by the case law and will almost certainly not survive a motion to dismiss.

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted, and the plaintiff's FMLA claim is dismissed. The plaintiff may file an amended complaint within 30 days of this order. The amended complaint must describe when and how the plaintiff asked for FMLA leave. The amended complaint will replace the complaint and must stand on its own without reference to the original complaint. The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this Order, 24-CV-5646 (AMD) (LKE).

**SO ORDERED.**

s/Ann M. Donnelly<br>
ANN M. DONNELLY<br>
United States District Judge

Dated: Brooklyn, New York
      August 6, 2025